IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-51,910-02






EX PARTE JONATHAN MOORE









ON APPLICATION FOR WRIT OF HABEAS CORPUS, OR IN THE ALTERNATIVE,
ON ORIGINAL PETITION PURSUANT TO 42 U.S.C. § 1983 AND APPLICATION FOR
STAY OF EXECUTION 

FROM CAUSE NO. 95-CR-1996-W1 IN THE 

290TH JUDICIAL DISTRICT COURT, BEXAR COUNTY




 Per Curiam. Hervey, J., did not participate. Price, J., dissented with a note.


O R D E R



 This is a subsequent application for writ of habeas corpus filed pursuant to the
provisions of Texas Code of Criminal Procedure Article 11.071, § 5, or, in the alternative,
an original petition for permanent or temporary injunctive relief based on 42 U.S.C. §
1983.

 In October 1996, a jury found applicant guilty of the offense of capital murder. 
The jury answered the special issues submitted pursuant to Texas Code of Criminal
Procedure Article 37.071, and the trial court, accordingly, set applicant's punishment at
death. This Court affirmed applicant's conviction and sentence on direct appeal. Moore
v. State, 999 S.W.2d 385 (Tex. Crim. App. 1999). Applicant filed his initial post-conviction application for writ of habeas corpus in the convicting court on September 18,
1998. This Court denied applicant relief. Ex parte Moore, No. WR-51,910-01 (Tex
Crim. App. May 29, 2002)(not designated for publication). 

 Applicant does not challenge Texas' right to execute him. Indeed, he does not
even challenge the method of his execution - lethal injection. His only challenge is to the
specific chemicals that the Texas Department of Criminal Justice (TDCJ) uses in its lethal
injection protocol. Applicant argues that several other states have stayed their executions
pending resolution of similar questions, and he speculates on a number of factors that
could go wrong in his own execution. However, courts cannot judge the lethal injection
protocol based solely on speculation as to problems or mistakes that might occur. Ex
parte O'Brien, 190 S.W.3d 677, 682 (Tex. Crim. App. 2006)(Cochran, J., concurring). 
Applicant has provided no evidence that the TDCJ protocol is subject to any realistic risk
of unnecessary pain or suffering.

 Because applicant has failed to present a prima facie case, we dismiss his
subsequent application. See Ex parte O'Brien, 190 S.W.3d 677. His application for a
stay of execution and his request for injunctive relief are denied. 

 IT IS SO ORDERED THIS THE 16th DAY OF JANUARY, 2007.


Do Not Publish



Price, J. dissented for the reasons set out in his dissenting opinion in Ex parte O'Brien,
190 S.W.3d 677 (Tex. Crim. App. 2006).